**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NEEL ELSHERIF,

Plaintiff,

-against-

AMERICAN AIRLINES, INC. and WILLIAM PITT,

Defendants.

Case No. 1:25-cv-01597-PKC-CHK

Assigned to: Judge Pamela K. Chen
Referred to: Magistrate Judge Clay H. Kaminsky

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WILLIAM PITT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Richard C. Schoenstein
Juan Olivo
TARTER KRINSKY & DROGIN LLP
1350 Broadway – 11th Floor
New York, New York 10018
(212) 216-8000
rschoenstein@tarterkrinsky.com
jolivo@tarterkrinsky.com

*Attorneys for Defendant*
*William Pitt*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1
FACTS AS ALLEGED IN THE SAC .......... 3
ARGUMENT .......... 5
I. Legal Standards .......... 5
II. The Assault Claim Should be Dismissed Because Plaintiff Does Not Plead Reasonable Apprehension of Imminent Harmful or Offensive Contact .......... 6
A. Assault Requires Imminent Apprehension, Not Conditional Fear of Possible Future Contact .......... 6
B. Plaintiff Pleads No Physical Menace or Circumstance Creating Reasonable Apprehension of Immediate Bodily Harm .......... 7
C. Plaintiff Cannot Cure These Pleading Defects .......... 8
III. Plaintiff's IIED Claim Should be Dismissed because Plaintiff does not Plead Extreme and Outrageous Conduct, Intent to Cause Severe Emotional Distress or a Non-Duplicative Emotional Distress Tort .......... 9
A. The SAC Lacks Facts Sufficient to Support an IIED Claim .......... 9
B. The SAC Does Not Allege Severe Emotional Distress .......... 10
C. The IIED Claim is Improperly Duplicative .......... 11
IV. The Allegations in the SAC Fail to Sustain the Sixth Cause of Action for NIED .......... 11
A. Plaintiff Fails to Plead Special Circumstances .......... 11
B. Plaintiff Pleads No Actual Physical Danger or Reasonable Fear That Physical Safety Was Imminently Threatened .......... 13
V. The SAC Should be Dismissed Under Rule 12(b)(1) Because Plaintiff Does Not Plead Facts Showing That the Amount in Controversy Against Pitt Reaches $75,000 .......... 14
A. Plaintiff Does Not Adequately Plead the Jurisdictional Amount .......... 14
B. Punitive Damages and Attorneys' Fees Do Not Count .......... 15
C. Plaintiff Cannot Aggregate Multiple Defendants .......... 16
CONCLUSION .......... 17



095429\1\180561198.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.A. Tours, Inc. v. Whitchurch*,
937 F.2d 82 (2d Cir. 1991)....15

*Anderson v. Abodeen*,
29 A.D.3d 431 (1st Dep't 2006)....9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....5

*Bender v. City of New York*,
78 F.3d 787 (2d Cir. 1996)....9

*Berg v. Chelsea Hotel Owner, LLC*,
203 A.D.3d 484 (1st Dep't 2022)....8

*Bouveng v. NYG Capital LLC*,
No. 14 Civ. 5474 (PGG), 2015 WL 3503947 (S.D.N.Y. June 2, 2015)....7, 8

*Caballero v. First Albany Corp.*,
237 A.D.2d 800 (3d Dep't 1997)....10

*Cecora v. De La Hoya*,
106 A.D.3d 565 (1st Dep't 2013)....8, 10

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....5

*Cotiviti, Inc. v. McDonald*,
No. 19-cv-6559 (VSB), 2021 WL 2784529 (S.D.N.Y. July 2, 2021)....5

*Coulter v. Morgan Stanley & Co.*,
753 F.3d 361 (2d Cir. 2014)....5

*Crouch v. Atlas Van Lines, Inc.*,
834 F. Supp. 596 (N.D.N.Y. 1993)....16

*Drankwater v. Miller*,
830 F. Supp. 188 (S.D.N.Y. 1993)....12, 13

*Druschke v. Banana Republic, Inc.*,
359 F. Supp. 2d 308 (S.D.N.Y. 2005)....9, 11, 12

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
160 F.3d 925 (2d Cir. 1998)....16

*Francis v. Kings Park Manor, Inc.*,
992 F.3d 67 (2d Cir. 2021)....11

*Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas De Espana, S.A.*,
896 F. Supp. 125 (S.D.N.Y. 1995) ....14, 15, 16

*Gerson v. Giorgio Sant'Angelo Collectibles, Inc.*,
176 Misc. 2d 388 (Sup. Ct. N.Y. Cnty. 1998) ....13

*Golden v. EcoHealth Alliance, Inc.*,
241 A.D.3d 1198 (1st Dep't 2024) ....12

*Green v. Doukas*,
No. 97 Civ. 8288 (CM), 2001 WL 767069 (S.D.N.Y. June 22, 2001)....16

*Hoodho v. Holder*,
558 F.3d 184 (2009)....5

*Jaffe v. Nat'l League for Nursing*,
222 A.D.2d 233 (1st Dep't 1995) ....9

*Jean-Louis v. Amazon.com Services, LLC*,
No. 22-CV-5020 (PKC) (RER), 2022 WL 3867668 (E.D.N.Y. Aug. 29, 2022)....15

*Kalnit v. Eichler*,
264 F.3d 131 (2d Cir. 2001)....5

*Ma v. United Rentals (North America), Inc.*,
678 F. Supp. 3d 412 (S.D.N.Y. 2023)....14

*Ma v. Zhou*,
No. 23-CV-04616 (NCM) (LB), 2024 WL 4571209 (E.D.N.Y. Oct. 23, 2024) ....6

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)....6, 14

*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*,
256 A.D.2d 269, 682 N.Y.S.2d 167 (1st Dep't 1998) ....11

*Morin v. Fordham University*,
No. 21 Civ. 7909 (NSR), 2022 WL 4586042 (S.D.N.Y. Sept. 28, 2022) ....9, 10

*Mortise v. United States*,
102 F.3d 693 (2d Cir. 1996)....................................................................................11

*Murphy v. Am. Home Prods. Corp.*,
58 N.Y.2d 293 (1983) ..............................................................................................9

*Scott v. DoorDash, Inc.*,
No. 24-CV-1783 (LTS), 2024 WL 4635367 (S.D.N.Y. Oct. 30, 2024) ..................................16

*Tardif v. City of New York*,
991 F.3d 394 (2d Cir. 2021)......................................................................................6

*Wahlstrom v. Metro-N. Commuter R.R. Co.*,
89 F. Supp. 2d 506 (S.D.N.Y. 2000)..........................................................................7

*Waterbury v. N.Y.C. Ballet, Inc.*,
205 A.D.3d 154 (1st Dep't 2022) ...............................................................................6

**Statutes**

28 U.S.C. § 1332.........................................................................................................3

28 U.S.C. § 1332(a) ...............................................................................................6, 14

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 12, 17

Federal Rule of Evidence 201.......................................................................................5

Defendant William Pitt ("Defendant" or "Pitt") submits this memorandum of law in support of his motion to dismiss the Second Amended Complaint ("SAC") of Plaintiff Neel Elsherid ("Plaintiff" or "Elsheirf").

## PRELIMINARY STATEMENT

Pitt moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Fourth, Fifth, and Sixth Causes of Action, which are the claims asserted against him in the Second Amended Complaint (the "SAC"). To the extent Plaintiff attempts to maintain the claims against Pitt on diversity jurisdiction, Pitt also moves under Federal Rule of Civil Procedure 12(b)(1) because the SAC does not plead facts showing that the amount in controversy against Pitt exceeds $75,000, exclusive of interest and costs.

The claims against Pitt should be dismissed because the SAC does not plead the elements of assault, intentional infliction of emotional distress, or negligent infliction of emotional distress under New York law. Plaintiff alleges that Pitt, a co-passenger seated next to her on an international flight, rubbed his groin over his pants and "masturbated" for approximately sixty minutes, without describing in any further detail his alleged misconduct. While the Court, for purposes of this motion, must accept the well-pleaded factual allegations as true, as Rule 12(b)(6) requires, the Court need not accept Plaintiff's legal labels, conclusions, or formulaic assertions that the conduct was an "assault," was "extreme and outrageous," or created "special circumstances."

To be clear, Pitt denies the allegations against him. But the Court need not even get that far. Although provocative, the factual allegations against Pitt fail to sustain the necessary elements of any of the tort claims asserted by Plaintiff. The SAC does not allege that Pitt touched Plaintiff, attempted to touch Plaintiff, verbally threatened Plaintiff, made any statement to Plaintiff, moved toward Plaintiff, blocked Plaintiff's path, restrained Plaintiff, coerced Plaintiff, or otherwise

communicated an immediate intent to make bodily contact. The only contact-related allegation is conditional: Plaintiff allegedly believed that Pitt "may attempt to touch her if she tried to get up or closed her eyes or pretended to be asleep." That allegation does not plead reasonable apprehension of imminent harmful or offensive contact. It pleads a contingent fear of something Plaintiff speculated might occur if she later did something else. The Fourth Cause of Action for Assault is therefore insufficient and should be dismissed. If fear of contact were enough to sustain a claim, this Court would be overwhelmed with new cases.

These same pleading defects defeat any notion of emotional distress. New York recognizes intentional infliction of emotional distress only in rare cases involving conduct so extreme and outrageous as to be utterly intolerable in a civilized community. Offensive, disturbing, or inappropriate conduct is not enough. The SAC makes only conclusory allegations that Pitt intended to cause severe emotional distress, which is not enough. Nor does the IIED claim identify a distinct emotional-distress injury separate from the same alleged fear and distress underlying the assault claim, and thus the Fifth Cause of Action must also be dismissed.

The Sixth Cause of Action fares no better. Although captioned as IIED "in the alternative," Plaintiff now characterizes it as negligent infliction of emotional distress. But changing the label does not plead the missing elements. New York requires a duty owed directly to the plaintiff, actual physical danger or reasonable fear for physical safety, or special circumstances guaranteeing the genuineness of the emotional harm. Adjacent seating between two airline passengers does not create a special duty, and Plaintiff pleads no facts showing that Pitt owed a duty separate from the general obligation not to commit tortious conduct. The alleged fear is the same conditional fear supporting the defective assault claim: that Pitt "may" touch her if she moved, closed her eyes, or pretended to sleep. This cause of action must be dismissed as well.

Finally, to the extent Plaintiff relies on diversity jurisdiction to bring common law claims against Pitt – against whom no federal claims are asserted – the SAC does not satisfy the requirements of 28 U.S.C. § 1332. The causes of action against Pitt seek damages only "in an amount to be determined at trial," plus attorneys' fees and costs. The SAC does not plead nonconclusory facts showing that Pitt is liable to Plaintiff for more than $75,000, exclusive of interest and costs. Nor may Plaintiff aggregate the amount sought from American Airlines under the Montreal Convention with separate state-law tort claims against Pitt absent joint liability for a common and undivided injury. The Montreal Convention claims against American Airlines arise from alleged carrier duties and flight-crew response. The claims against Pitt arise from alleged conduct by an individual passenger. They are separate claims based on separate duties and separate sources of liability.

For these reasons, as more fully stated below, the claims against Pitt must be dismissed.

## **FACTS AS ALLEGED IN THE SAC**

The claims against Pitt are based on the following allegations in the SAC. Plaintiff alleges that, on May 27, 2024, she boarded American Airlines Flight No. AA 198 from JFK Airport to Milan and sat in window seat 15C in the Premium Economy cabin. SAC ¶¶ 24-25. Plaintiff alleges that Pitt was seated in the aisle seat next to her. SAC ¶ 27.

Plaintiff alleges that, after meal service, the cabin lights dimmed and she began preparing to sleep. SAC ¶ 31. Before she fell asleep, Plaintiff allegedly noticed Pitt holding his groin and rubbing his genitals over his pants; Plaintiff alleges that, when the rubbing intensified, she realized Pitt was "masturbating" next to her. SAC ¶ 32. Plaintiff does not describe the conduct in any more detail, but alleges she felt nauseous, could not breathe, and hyperventilated. SAC ¶ 33.

The SAC alleges that Plaintiff was in close proximity to Pitt, that she was seated in a window seat, and that she was "unable to easily escape from the situation or get up to alert flight attendants." SAC ¶ 34. Critically, however, the SAC does not allege that Pitt physically prevented Plaintiff from leaving. It does not allege that Pitt blocked her path, moved toward her, restrained her, threatened her, spoke to her, or attempted to touch her. The sole contact related allegation is that Plaintiff "believed that Pitt may attempt to touch her if she tried to get up or closed her eyes or pretended to be asleep." SAC ¶ 35.

Plaintiff further alleges, upon information and belief, that Pitt continued the alleged conduct with intent that Plaintiff notice him and that Pitt continued "masturbating" for approximately sixty minutes. SAC ¶¶ 36, 38. After Pitt allegedly stopped, Plaintiff was able to get out of her seat and report the incident to a flight attendant. SAC ¶ 44. Plaintiff thereafter moved from Premium Economy seat 15C to coach seat 28H. SAC ¶ 48. Plaintiff alleges that, for the rest of the flight, she feared Pitt would retaliate against her for reporting him. SAC ¶ 53.

Premised on these factual allegations, the Complaint seeks to assert three causes of action against Pitt directly. The Fourth Cause of Action asserts assault against Pitt. SAC ¶¶ 112-119. The Fifth Cause of Action asserts intentional infliction of emotional distress against Pitt. SAC ¶¶ 120-126. The Sixth Cause of Action is captioned "Intentional Infliction of Emotional Distress, in the Alternative," but alleges duty, reasonable care, special circumstances, and conduct that Plaintiff now characterizes as negligent infliction of emotional distress. SAC ¶¶ 127-135. The Pitt-specific causes of action each seek damages "in an amount to be determined at trial," plus reasonable attorneys' fees and costs. SAC ¶¶ 119, 126, 135.

# ARGUMENT

## I. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555 (2007)). Speculation and conclusory allegations are not entitled to deference on a motion to dismiss. *Kalnit v. Eichler*, 264 F.3d 131, 134 (2d Cir. 2001).

"At the motion to dismiss phase, the court may consider the complaint, documents attached to the complaint or incorporated by reference, or matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Cotiviti, Inc. v. McDonald*, No. 19-cv-6559 (VSB), 2021 WL 2784529, at *6 (S.D.N.Y. July 2, 2021). The Court may also consider documents a plaintiff has notice of and has relied upon in framing the complaint. *Chambers v. Time Warner, Inc*., 282 F.3d 147 (2d Cir. 2002). The Court may also consider judicial admissions of fact by a party, including those made in declarations previously submitted by that party. *Hoodho v. Holder*, 558 F.3d 184, 191 (2009) ("Facts admitted by a party "are judicial admissions that bind th[at] [party] throughout th[e] litigation.") Where amendment of an insufficient complaint would be futile, dismissal with prejudice is appropriate. See *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 368 (2d Cir. 2014).

A plaintiff invoking federal jurisdiction bears the burden of establishing subject-matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a Rule 12(b)(1) motion, the Court may consider evidence outside the pleadings. *Id*. Where diversity jurisdiction is invoked, the matter in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## II. The Assault Claim Should be Dismissed Because Plaintiff Does Not Plead Reasonable Apprehension of Imminent Harmful or Offensive Contact

### A. Assault Requires Imminent Apprehension, Not Conditional Fear of Possible Future Contact

Under New York law, "civil assault is an intentional placing of another person in fear of imminent harmful or offensive contact." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021). The plaintiff must plead facts showing not only fear, but reasonable apprehension of contact that is imminent. *Waterbury v. N.Y.C. Ballet, Inc.*, 205 A.D.3d 154, 166 (1st Dep't 2022) (assault requires "intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact" and dismissal was proper where the relevant contact was not "reasonably imminent").

Put simply, the SAC does not plead imminence. Plaintiff alleges that Pitt masturbated while seated next to her, but does not allege that Pitt touched her, tried to touch her, reached toward her, moved toward her, threatened her, spoke to her, blocked her path, or otherwise communicated an intent to make immediate bodily contact. The only allegation concerning contact is that Plaintiff believed Pitt "may attempt to touch her if she tried to get up or closed her eyes or pretended to be asleep." SAC ¶ 35. That is conditional apprehension of possible future contact. It is not apprehension of harmful or offensive contact that was about to occur.

Courts applying New York law dismiss assault claims where the alleged conduct suggests, at most, possible future harm rather than imminent bodily contact. In *Ma v. Zhou*, No. 23-CV-04616 (NCM) (LB), 2024 WL 4571209, at *3 (E.D.N.Y. Oct. 23, 2024), the court dismissed an

assault claim because the alleged threats and throat-slitting gesture conveyed "a potential for future, non-imminent harm" and did not give rise to reasonable apprehension of imminent bodily injury. The same reasoning applies here. Plaintiff alleges that Pitt "may" have touched her if additional events occurred. That pleading is too conditional to satisfy the imminence element.

The alleged duration of the conduct reinforces the defect. Plaintiff alleges that the conduct continued for approximately sixty minutes. SAC ¶ 38. Yet during that entire period, the SAC alleges no touching, attempted touching, threat, movement toward Plaintiff, or blocking conduct by Pitt. A one-hour period of alleged non-contact conduct, without any act communicating imminent bodily contact, undercuts rather than supports the assertion that Plaintiff reasonably apprehended immediate harmful or offensive contact.

### B. Plaintiff Pleads No Physical Menace or Circumstance Creating Reasonable Apprehension of Immediate Bodily Harm

New York law requires circumstances creating reasonable apprehension of imminent bodily contact. In *Bouveng v. NYG Capital LLC*, No. 14 Civ. 5474 (PGG), 2015 WL 3503947, at *9-10 (S.D.N.Y. June 2, 2015), the court dismissed an assault claim despite allegations that the defendant screamed profanities at the plaintiff, accompanied her to an apartment, and slammed a door, because the complaint did not allege circumstances inducing reasonable apprehension of imminent bodily harm. The court explained that, although actual contact is not required, the plaintiff must allege "some physical menace against [her] body." *Id*. at *9 (quoting *Wahlstrom v. Metro-N. Commuter R.R. Co.*, 89 F. Supp. 2d 506, 528 (S.D.N.Y. 2000)).

The SAC alleges no such physical menace. Pitt is not alleged to have leaned into Plaintiff, grabbed for her, or otherwise acted in a manner indicating that bodily contact was imminent. *Id*. at *10 (words not accompanied by circumstances inducing reasonable apprehension of bodily

harm do not constitute assault). Indeed, the SAC alleges less than *Bouveng* because it alleges no words directed at Plaintiff at all.

*Cecora v. De La Hoya*, 106 A.D.3d 565, 566, (1st Dep't 2013), is likewise instructive. There, the First Department affirmed dismissal of an assault claim arising from alleged sexual advances where the plaintiff's assertion that she was placed in imminent apprehension of harmful contact was contradicted by the allegations of the complaint. The court also held that the complaint failed to plead false imprisonment because it alleged nothing suggesting that the defendant did anything to lead the plaintiff to believe she could not leave. *Id*. Here, Plaintiff alleges she felt unable to easily escape because she was in a window seat, SAC ¶ 34, but she does not allege that Pitt did anything to restrain her, block her path, or make her believe she could not leave. Indeed, she alleges that, ultimately, she did leave.

### C. Plaintiff Cannot Cure These Pleading Defects

In opposition, Plaintiff may argue that leave to amend should be granted to resuscitate her assault claim. The Court should deny this request. Plaintiff must plead facts showing that Pitt engaged in conduct placing Plaintiff in immediate apprehension of bodily contact. Plaintiff cannot do this without transforming her recitation of the facts, given the allegations that the parties were seated next to each other for an hour, and that she feared Pitt *might* touch her only if she moved, closed her eyes, or pretended to sleep. SAC ¶ 35. Plaintiff should be prohibited from transforming the conditional nature of these allegations to something resembling an assault. See *Berg v. Chelsea Hotel Owner, LLC*, 203 A.D.3d 484 (1st Dep't 2022) ("reinstating an assault claim where the complaint alleged defendant 'encroached further upon' plaintiff while screaming an epithet"). Indeed, Plaintiff even concedes that she observed Pitt "engaging in jovial, friendly interactions" with flight staff. SAC ¶ 54. Put simply, there is no claim for assault borne out of these allegations, and leave to amend will not change that.

## III. Plaintiff's IIED Claim Should be Dismissed because Plaintiff does not Plead Extreme and Outrageous Conduct, Intent to Cause Severe Emotional Distress or a Non-Duplicative Emotional Distress Tort

### A. The SAC Lacks Facts Sufficient to Support an IIED Claim

To state a claim for intentional infliction of emotional distress, a plaintiff must plead: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 314 (S.D.N.Y. 2005) (citing *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996)). The standard is intentionally difficult to satisfy. The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" and be regarded as "atrocious" and "utterly intolerable in a civilized community." *Id*. (quoting *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983)).

New York law does not permit IIED claims to proceed merely because conduct is offensive, disturbing, humiliating, or inappropriate. *See* Pepe v. Maklansky, 67 F. Supp. 2d 186, 187-88 (S.D.N.Y. 1999) (dismissing IIED claim where allegations did not satisfy the extreme-and-outrageous element); *Jaffe v. Nat'l League for Nursing*, 222 A.D.2d 233 (1st Dep't 1995) (alleged harassment, intimidation, and slap on plaintiff's backside fell short of IIED's rigorous standard, though assault and battery claims were reinstated); *Anderson v. Abodeen*, 29 A.D.3d 431 (1st Dep't 2006) (malicious display of nude photographs, while offensive, was not sufficiently outrageous for IIED).

In *Morin v. Fordham University*, No. 21 Civ. 7909 (NSR), 2022 WL 4586042, at *6-7 (S.D.N.Y. Sept. 28, 2022), the plaintiff alleged that she witnessed an instructor masturbating during a Zoom class. The court dismissed the IIED claim, finding the allegations disturbing but insufficient under New York law. *Id*. at *6. The court distinguished the rare sexual misconduct cases allowing IIED claims to proceed because those cases involved facts such as sexual battery,

persistent harassment, or a pattern of conduct, while Morin involved a discrete occurrence with "no threat of bodily contact looming." *Id*. at *7. Further, in *Cecora*, the First Department affirmed dismissal of an IIED claim arising from alleged sexual advances, holding that the plaintiff did not allege conduct approaching the level of outrageousness or extremity necessary to support IIED, or a causal connection between the alleged conduct and distress, or that the defendant intended to confine the plaintiff. 106 A.D.3d at 566.

Here, the SAC alleges no physical contact, attempted contact, express threat, verbal statement directed at Plaintiff, coercion, repeated course of conduct, abuse of authority, custodial control, minor-victim facts, prior relationship, or special relationship. Plaintiff and Pitt are alleged to have been adult strangers seated next to each other on a flight. SAC ¶ 27. Indeed, Plaintiff even pleads that she was able to voluntarily remove herself from the alleged offensive conduct. SAC ¶ 44. The SAC merely labels Pitt's alleged as conduct extreme and outrageous, SAC ¶¶ 121, 131, but it does not plead the aggravating circumstances New York courts require before converting offensive sexualized conduct into the narrow tort of IIED.

### B. The SAC Does Not Allege Severe Emotional Distress

The Fifth Cause of Action also fails because Plaintiff does not plead nonconclusory facts showing that Pitt intended to cause severe emotional distress or recklessly disregarded a substantial probability of causing it. The SAC alleges "upon information and belief" that Pitt intended Plaintiff to notice his conduct and to cause injury. SAC ¶¶ 36, 116, 123. But an allegation that Pitt intended Plaintiff to notice him is not the same as factual content showing an intent to cause severe emotional distress. *See Caballero v. First Albany Corp.*, 237 A.D.2d 800, 803 (3d Dep't 1997).

There are no allegations that Pitt said anything to Plaintiff, threatened Plaintiff, taunted Plaintiff, followed Plaintiff, contacted Plaintiff after the incident, knew Plaintiff was experiencing severe distress, or engaged in any continuing conduct directed at Plaintiff. Without factual

allegations supporting the intent element, Plaintiff's IIED claim rests on labels and conclusions. The allegations in the SAC are simply insufficient to maintain an IIED claim against Pitt.

### C. The IIED Claim is Improperly Duplicative

The IIED claim is also improperly duplicative. The Fifth Cause of Action rests on the same alleged conduct, same alleged fear of touching, same emotional distress, and same damages as the assault claim. Compare SAC ¶¶ 113-119 with SAC ¶¶ 121-126. New York treats IIED as a disfavored, gap-filling tort and dismisses it where traditional tort theories cover the alleged wrong. See *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 256 A.D.2d 269, 270, 682 N.Y.S.2d 167, 169 (1st Dep't 1998) (IIED should not be entertained where the conduct complained of falls within the ambit of other traditional torts).

*Druschke* is directly on point. The court dismissed IIED and NIED claims where the underlying conduct could be redressed through other tort remedies. 359 F. Supp. 2d at 316. Here, Plaintiff uses IIED to repackage the same alleged fear and distress underlying her assault theory. That is the type of duplicative emotional-distress pleading New York law rejects. The Fifth Cause of Action should be dismissed.

## IV. The Allegations in the SAC Fail to Sustain the Sixth Cause of Action for NIED

### A. Plaintiff Fails to Plead Special Circumstances

Under New York law, a plaintiff may recover for negligent infliction of emotional distress under either a bystander theory or direct-duty theory. *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). Plaintiff relies on a direct duty theory because the bystander theory requires that she contemporaneously observed death or serious physical injury to an immediate family member, which cannot be alleged here. *Id*. New York courts have also recognized NIED in limited "special circumstances," but those circumstances must be specifically pleaded and must provide some guarantee of genuineness. *See Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021).

The SAC pleads no direct duty owed by Pitt to Plaintiff. It alleges only that Pitt and Plaintiff were co-passengers seated next to each other, with Pitt in the aisle seat and Plaintiff in the adjacent window seat. SAC ¶¶ 27, 34, 129. Adjacent seating does not create a special relationship, fiduciary relationship, or any other legally cognizable duty specific to Plaintiff. You do not take on a special duty every time you sit next to a person. At most, the SAC alleges a generalized obligation not to engage in tortious or offensive conduct. New York law requires more for NIED. *Golden v. EcoHealth Alliance, Inc*., 241 A.D.3d 1198, 1199 (1st Dep't 2024) (Holding that negligence and NIED require a duty that runs directly to the plaintiff; a general duty to society is insufficient, "however careless the conduct or foreseeable the harm.")

*Druschke* illustrates the point. There, the court held that NIED requires proof of a duty "far more specific than the more generalized duty to avoid negligently injuring another," and dismissed the claim because the plaintiff did not allege a direct duty creating a special obligation to avoid negligently causing emotional distress. 359 F. Supp. 2d at 315; See also *Golden*, 241 A.D.3d at 1199. Further, in *Drankwater v. Miller*, 830 F. Supp. 188, 194 n.5 (S.D.N.Y. 1993), the court dismissed an NIED claim *sua sponte* under Rule 12(b)(6) because the plaintiff merely alleged the existence of a "special relationship" and "special duty," without pleading facts establishing the basis for that relationship or duty, or that the defendants owed a special duty to her specifically.

This reasoning is instructive here. Plaintiff alleges no relationship between Pitt and Plaintiff beyond seating as co-passengers, and she pleads no facts showing that Pitt owed her any special duty separate from the general obligation not to engage in tortious conduct. Nor does Plaintiff plead a traumatic event placing her in actual physical danger or reasonable fear for her physical safety: she alleges no touching, attempted touching, verbal threat, movement toward her, restraint, or blocking of her path. Instead, she alleges only a conditional fear that Pitt "may" touch her if she



095429\1\180561198.v1

moved, closed her eyes, or pretended to sleep. SAC ¶ 35. As in *Drankwater*, conclusory allegations of "special circumstances" or a special duty cannot state an NIED claim absent pleaded facts establishing special circumstances.

**B. Plaintiff Pleads No Actual Physical Danger or Reasonable Fear That Physical Safety Was Imminently Threatened**

The NIED claim also fails because Plaintiff does not plead actual physical danger or reasonable fear for her physical safety. The SAC alleges that Plaintiff feared Pitt "may attempt to touch her if she tried to get up or closed her eyes or pretended to be asleep." SAC ¶ 35. That is the same conditional fear underlying the defective assault claim. It does not allege actual physical danger. Nor does it allege reasonable fear that physical safety was imminently threatened.

In *Gerson v. Giorgio Sant'Angelo Collectibles, Inc*., 176 Misc. 2d 388, 391-92 (Sup. Ct. N.Y. Cnty. 1998), the court dismissed an NIED claim based on alleged sexual harassment because the plaintiff failed to plead physical impact, physical injury, or a threat of such impact or injury. The court explained that recovery for purely emotional harm is "extremely limited" and generally requires a duty owed directly to the plaintiff that either endangered the plaintiff's physical safety or caused the plaintiff to fear for her own physical safety. *Id*. at 390-91. Critically, the court held that NIED is "not well suited to deal with sexual harassment not involving physical contact or a threat thereof," and that, under New York law, "short of sexual assault or battery, or threat thereof, there will be no cause of action for negligent infliction of emotional distress." *Id*. at 391-92.

Here, Plaintiff does not allege touching, or attempted touching, of her, restraint, or physical menace directed at her body. At most, Plaintiff alleges that she feared Pitt "may" touch her if she moved, closed her eyes, or pretended to sleep. SAC ¶ 35. Under *Gerson*, allegations of sexually offensive conduct and emotional distress, without physical contact, threatened contact, or facts placing Plaintiff in reasonable fear for her physical safety, are insufficient to state an NIED claim.

Plaintiff cannot transform the aisle/window seat arrangement into a special circumstance. The SAC alleges that Plaintiff was not able to "easily" escape, SAC ¶ 34, but it also alleges that after Pitt "stopped", Plaintiff got out of her seat and relocated without any resistance. SAC ¶¶ 44, 48. It does not allege that Pitt restrained Plaintiff, blocked her path, physically confined her, or threatened her if she moved. The alleged facts do not establish the kind of physical danger, special duty, or special circumstances required for NIED.

In the end, while Plaintiff professes great offense regarding the alleged conduct of Defendant – which, again, Pitt would vehemently deny – such offense does not substitute for the requisite elements of the causes of action in question. Plaintiff does not and cannot sustain a cognizable claim for relief against Pitt and her claims against him should be dismissed.

## V. The SAC Should be Dismissed Under Rule 12(b)(1) Because Plaintiff Does Not Plead Facts Showing That the Amount in Controversy Against Pitt Reaches $75,000

### A. Plaintiff Does Not Adequately Plead the Jurisdictional Amount

There are no federal law or treaty claims asserted against Pitt. Thus, Plaintiff invokes diversity jurisdiction as the basis for asserting claims against Pitt in this Court. As such, Plaintiff bears the burden of showing that the amount in controversy against Pitt exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a); *Makarova*, 201 F.3d at 113; *Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas De Espana, S.A.*, 896 F. Supp. 125, 128 (S.D.N.Y. 1995) (plaintiff bears burden of proving a reasonable probability that the claim exceeds the jurisdictional amount). The SAC does not satisfy that burden. The Pitt causes of action do not allege a damages amount. They seek damages only "in an amount to be determined at trial," plus attorneys' fees and costs. SAC ¶¶ 119, 126, 135.

Courts in this Circuit do not infer the jurisdictional amount from generalized injury allegations. In *Ma v. United Rentals (North America), Inc.*, 678 F. Supp. 3d 412, 416 (S.D.N.Y.

2023), the court held that "[a]llegations of injury themselves, without any statement of damages," do not establish that the amount in controversy exceeds $75,000. The court remanded because the pleadings and record did not contain facts adequate to show the jurisdictional threshold. *Id*. at 416-17. See also *Jean-Louis v. Amazon.com Services, LLC*, No. 22-CV-5020 (PKC) (RER), 2022 WL 3867668, at *3 (E.D.N.Y. Aug. 29, 2022) (holding that boilerplate emotional-distress allegations did not establish the amount in controversy where the complaint lacked facts concerning the extent and manifestation of injury, including symptoms.)

Here, the SAC alleges emotional distress, fear of flying, post-traumatic stress, and related symptoms, SAC ¶¶ 56-61, it does not plead any physical injuries, a specific damages amount relating to Pitt, or any other nonconclusory facts establishing that the claims against Pitt alone exceed $75,000. For these reasons alone the Court should dismiss this action.

**B. Punitive Damages and Attorneys' Fees Do Not Count**

Punitive damages may only be included in the jurisdictional amount only if they are legally recoverable under the controlling law and supported in good faith. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87-88 (2d Cir. 1991). But courts scrutinize punitive damages demands closely when they are necessary to satisfy the jurisdictional threshold. *Jean-Louis*, 2022 WL 3867668, at *4. A conclusory punitive-damages request, untethered to nonconclusory facts showing the jurisdictional amount, does not establish subject-matter jurisdiction. *Id*.

Attorneys' fees likewise do not count unless recoverable as of right by statute or contract. *Gardiner*, 896 F. Supp. at 128-29. The claims against Pitt identify no statute or contract authorizing attorneys' fees against Pitt. The SAC's conclusory request for "reasonable attorneys' fees and costs" therefore cannot supply the missing amount in controversy. SAC ¶¶ 119, 126, 135.

### C. Plaintiff Cannot Aggregate Multiple Defendants

Plaintiff cannot aggregate damages sought from American Airlines with damages sought from Pitt. See *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2d Cir. 1998) (plaintiff may not aggregate claims against multiple defendants where their liability is several and not joint); *Crouch v. Atlas Van Lines, Inc*., 834 F. Supp. 596, 604 (N.D.N.Y. 1993) (a plaintiff may aggregate claims against one defendant or against jointly liable defendants, but may not aggregate claims against "two essentially separate individual defendants"); *Scott v. DoorDash, Inc.*, No. 24-CV-1783 (LTS), 2024 WL 4635367, at *2 (S.D.N.Y. Oct. 30, 2024) (listing cases for in support of anti-aggregation rule against multiple defendants who would not be jointly liable).

In *Gardiner* the court held that amounts claimed against other defendants could not be aggregated with the amount claimed against a particular defendant where the claims against the other defendants were "separate and distinct." 896 F. Supp. at 128. See also *Green v. Doukas*, No. 97 Civ. 8288 (CM)(GAY), 2001 WL 767069, at *2 (S.D.N.Y. June 22, 2001) (Recognizing that aggregation is unavailable where defendants' liability is several or the claims against them are separate and distinct).

The SAC pleads separate theories against separate defendants. The claims against American Airlines are based on the Montreal Convention, and alleged common-carrier duties,. SAC ¶¶ 71-111. The claims against Pitt are separate state law tort claims based on alleged conduct by an individual co-passenger. SAC ¶¶ 112-135. The SAC does not plead that American Airlines and Pitt are jointly liable for a common and undivided obligation. Plaintiff must therefore independently plead that the amount in controversy against Pitt exceeds $75,000.

Because Plaintiff must rely on diversity jurisdiction to maintain the claims against Pitt, and because she does not and cannot allege damages sufficient to invoke such jurisdiction, the claims against Pitt must be dismissed under Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, Defendant William Pitt respectfully requests that the Court dismiss the Fourth Cause of Action for assault, the Fifth Cause of Action for intentional infliction of emotional distress, and the Sixth Cause of Action, pursuant to Rule 12(b)(6). In addition, because Plaintiff relies on diversity jurisdiction as the basis for the claims against Pitt, those claims should also be dismissed under Rule 12(b)(1) because the SAC does not plead facts showing that the amount in controversy against Pitt exceeds $75,000, exclusive of interest and costs. Pitt further requests such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 11, 2026

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant William Pitt*

By: *__/s/ Richard C. Schoenstein__*
Richard C. Schoenstein
Juan Olivo
1350 Broadway, 11th Floor
New York, New York 10018
Tel: (212) 216-8000
Fax: (212) 216-8001
rschoenstein@tarterkrinsky.com
jolivo@tarterkrinsky.com